# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| PRECISION IBC, INC., | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-00637-C |
| PHOENIX CHEMICAL TECHNOLOGIES, LLC, | : : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

This matter is before the undersigned on Plaintiff Precision IBC, Inc.'s, ("Precision") Request for and Submission in Support of Attorney's Fees and Expenses ("Request for Attorney's Fees"), (Doc. 52), filed on February 2, 2017, and Notice Regarding Supplement to Request for Attorney's Fees and Expenses, (Doc. 59), filed on March 29, 2017. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 32 ("In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")). Following a review of the foregoing pleadings, with attachments, as well as all other relevant pleadings in this matter, the Court **GRANTS IN PART** Plaintiff's Request for Attorney's Fees, (Doc. 52), as more fully explained hereinafter.

## BACKGROUND

The complaint, (Doc. 1), in this matter was originally filed in this Court on December 16, 2015, invoking the Court's diversity jurisdiction[1] and then was assigned to the undersigned, (Doc. 2). On December 27, 2016, Plaintiff Precision filed its Motion for Summary Judgment and Supporting Brief, (Doc. 45), which the Court granted on March 28, 2017, (Doc. 58). Plaintiff Precision filed its instant motion, (Doc. 52), on February 2, 2017. Defendant Phoenix Chemical Technologies, LLC, ("Phoenix") has not filed a response in opposition to Plaintiff Precision's Request for Attorney's Fees. (*See* Docket Sheet).

## DISCUSSION

Plaintiff Precision seeks $33,236.50 in attorney's fees and expenses, (Doc. 52, at 1), which consists of 129.2 hours of attorney time at a rate of $230.00 per hour, 16.3 hours of paralegal time at a rate of $125.00 per hour, purchase of a transcript, postage, and online research fees. (Doc. 52, at ¶¶ 2-4). Plaintiff Precision's "Equipment Rental Agreement," (Doc. 1-1), signed by Defendant Phoenix, states: "Attorney's Fees**.** In the event that Lessor takes action to exercise any right or remedy under this Agreement or to enforce any provision of this Agreement, or if Lessor successfully defends any action brought by Lessee against it, Lessee will pay all costs and expenses of such action or such defense incurred by Lessor, including, without limitation, reasonable attorneys' fees and costs of litigation," (Doc. 1-1, ¶ 22(e)).

---

[1] "For federal diversity jurisdiction to attach, all parties must be completely diverse, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); *Palmer v. Hosp. Auth. of Randolph [Cty.]*, 22 F. 3d 1559, 1564 (11th Cir. 1994); *Tardan v. Cal. Oil Co.*, 323 F.2d 717, 721-22 (5th Cir. 1963), and the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a)." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (footnotes omitted).

In her affidavit, Attorney Anne Laurie McClurkin, counsel for Plaintiff Precision, asserts on behalf of her and Anna Bush, the paralegal assigned to this matter, the number of hours expended and hourly rates charged were reasonable. (Doc. 52, ¶¶ 2-4 & 6). "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract . . . ." *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted). The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." *Army Aviation Ctr. Fed. Credit Union v. Poston*, 460 So. 2d 139, 141 (Ala. 1984); *see also Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee shifting contracts, as a mater of public policy. *See, e.g.*, *Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So. 3d 226, 241 (Ala. Civ. App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation."); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) (rejecting claim for attorney's fees in amount of 15% of fund to be collected, where plaintiff made no showing of its actual attorney's fee incurred in enforcing contract). Thus, Plaintiff Precision is entitled to recover only its reasonable attorney's fees and costs incurred in collecting the debt.

The calculation of reasonable attorney's fees is within the sound discretion of the court. *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983); *Kiker v. Probate Court of Mobile Cty.*, 67 So. 3d 865, 867 (Ala. 2010). Over thirty years ago, the Supreme Court indicated "'the most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); *see also Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Barnes*, 168 F.3d at 427. The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. *Hensley*, 61 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350. Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. *See, e.g.*,

*Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." *Id.* at 1303 (citations omitted)

The lodestar figure established by the Court may be adjusted in consideration of various factors that include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988); *see also, e.g., Pharmacia Corp v. McGowan*, 915 So. 2d 549, 552-554 (Ala. 2004); *Lolley v. Citizens Bank*, 494 So. 2d 19 (Ala. 1986). These factors are not an exhaustive list of specific criteria that must all be met. *Beal Bank, SSB v. Schilleci*, 896 So. 2d 395, 403 (Ala. 2004).

In determining the proper lodestar in this case, the undersigned first considers what hourly rates are reasonable and then what hours were reasonably expended in pursuing this matter. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941.

**I.** **<u>Reasonable Hourly Rates</u>**

> "The Eleventh Circuit has instructed that a reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.'" *McDonald* [*v. ST Aerospace Mobile, Inc.*, No. 12-0313-CG-C], 2013 WL 1389976, [at] *3 [(S.D. Ala. April 4, 2013)] (citing *Norman*, 836 F.2d at 1303). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" [ ]*Barnes,* 168 F.3d [ ] at 437 (citing *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)[)]. . . . The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman,* 836 F.2d at 1299. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

*Cormier v. ACAC Inc.*, No. 13-0158-CG-M, 2013 WL 6499703, at *2 (S.D. Ala. Dec. 11, 2013). "Also, the court is familiar with the prevailing rates in this district and may rely upon its own 'knowledge and experience' to form an 'independent judgment' as to a reasonable hourly rate." *Garrett Invs., LLC v. SE Prop. Holdings, LLC*, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Plaintiff requests an hourly rate of $230.00 for Ms. McClurkin and $125.00 for Ms. Bush. (Doc. 52, ¶ 2). Defendant does not take issue with the requested hourly rates of Ms. McClurkin and Ms. Bush. (*See* Docket Sheet). The affidavit supplied by Ms. McClurkin states that the rate charged by her was, previously, found to be reasonable by the Court, and the rate charged by Ms. Bush is comparable to prevailing rates in the local market of Mobile, Alabama, *see Smith v. Werner Enters., Inc.*, No. 14-0107-WS-B, 2015 WL 7185503, at *3 (S.D. Ala. Nov. 13, 2015) ("[T]he general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. The relevant market is thus Mobile . . . ." (citations and quotations omitted)) charged by paralegals with similar experience. (Doc. 52, ¶

2). Ms. Bush has thirteen (13) years of paralegal experience that has included substantial experience assisting with complex civil litigation matters. (Doc. 52, ¶ 2).

As Ms. McClurkin stated in her affidavit, the Court previously found reasonable her hourly rate of $230.00. (Doc. 44, at 6-7). As to Ms. Bush's hourly rate, in this market, this Court regularly approves hourly rates of $75.00 for paralegals. *See PNC Bank v. Classic Crab, Inc.*, Civil Action 15-00459-KD-C, 2016 WL 4257360, at *5 (S.D. Ala. Aug. 11, 2016) (awarding hourly rate of $75.00 for paralegals with 20 to 21 years of experience and stating "[i]n this market, this Court regularly approves rates of $75.00/hour for paralegals"); *PNC Bank v. Classic Crab, Inc.*, Civil Action 15-00459-KD-C, 2016 WL 1587237, at *5 (S.D. Ala. Apr. 11, 2016) (awarding hourly rate of $75.00 for paralegals with 20 to 40 years of experience); *Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013) (stating the customary hourly rate for paralegals to be $75.00); *Johnson v. TMI Mgmt. Sys., Inc.*, No. 11-0221-WS-M, 2012 WL 4435304, at *1 (S.D. Ala., Sept. 26, 2012) (finding $75.00 per hour was a reasonable hourly rate for paralegal time where movant did not show that paralegals possessed special qualification or expertise to support an award of a higher hourly rate); *but cf. Gulf Coast Asphalt Co., L.L.C. v. Chevron U.S.A., Inc.*, No. 09-0187-CG-M, 2011 WL 612737, at *4 (S.D. Ala. Feb. 11, 2011) (finding reasonable an hourly rate of $120.00 for a paralegal with eleven (11) years of experience); *Transmontaigne Prod. Servs., Inc. v. Clark*, No. 09-0023-CG-B, 2010 WL 3171656, at *1 (S.D. Ala. Aug. 10, 2010) (finding reasonable an hourly rate of $120.00 to $130.00 for a paralegal). It has not been shown that Ms. Bush "possesses unusually advanced qualifications or expertise, *SE Prop. Holdings, LLC v. Green*, Civil Action No. 12-0738-WS-B, 2013

WL 790902, at *6 (S.D. Ala. Mar. 1, 2013), to support a higher hourly rate. Therefore, the Court finds an hourly rate of $75.00 to be reasonable for Ms. Bush's work.

## II. Hours Reasonably Expended

"'Fee applicants must exercise what the Supreme Court has termed 'billing judgment,' which requires the exclusion of excessive, redundant, or otherwise unnecessary hours." *Smith*, 2015 WL 7185503, at *4 (citations and internal quotation marks omitted). Indeed, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Barnes*, 168 F.3d at 428. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* "Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." *Norman*, 836 F.2d at 1301. "Moreover, because an assessment of the reasonableness of the hours requested (at least when objection is adequately raised by the defendant) contemplate[s] a task-by-task examination of the hours billed, plaintiffs' counsel is required to record each task, and the time associated with each, with sufficient clarity that the Court can evaluate the reasonableness of the expenditure of time." *Smith*, 2015 WL 7185503, at *4 (citations omitted).

Ms. McClurkin summarizes, in her affidavit, the work she and Ms. Bush performed:

> The file in this matter was opened in approximately November 2015 and began with efforts to resolve the parties' dispute concerning unpaid rental fees and damaged equipment through written correspondence to Defendant, none of which was answered. On December 16, 2015, I filed the Complaint on Precision's behalf. In addition to pre-suit settlement efforts and preparing the Complaint, the successful prosecution of Precision's claims required participation in the Rule 26 discovery conference, preparation of the Rule 26 planning report, preparing Precision's Rule 26(a)(1) disclosures, several rounds of written discovery, motions to amend Precision's Complaint based on information learned during written discovery, preparing a motion to extend the Scheduling Order based on Defendant's delay in responding to discovery, preparing for and taking the 30(b)(6) deposition of the Defendant, consulting with Precision's expert and preparing a 15-page written report, conferences with Defendant's counsel concerning settlement and various other issues, preparing a motion for summary judgment, including a supporting brief and Affidavit and other evidentiary materials, preparing a motion to enforce the Court's December 1, 2016 Order instructing Defendant to pay attorney's fees incurred to prepare Precision's motion to compel, attending the recent January 31, 2017 hearing to address Defendant's failure to comply with the Court's December 1 Order and failure to respond to Precision's motion for summary judgment, the preparation of the instant Declaration in support of Precision's attorney's fees and expenses, and preparing the proposed Order and final judgment as requested during the January 31, 2017 hearing.
>
> . . .
>
> Ms. Bush prepared and issued non-party subpoenas, catalogued and bates stamped Precision's and Defendant's document production, assisted with document review, managed the electronic file, assisted with gathering exhibits for Precision's motion for summary judgment, reviewed deposition testimony to assist with preparing citations to the record for Precision's summary judgment brief, reviewed and calendared Scheduling Order deadlines, and prepared and summarized records received from Defendant and/or non-parties.

(Doc. 52, ¶¶ 3-4). Further, Ms. McClurkin states, "It is my opinion that all of the work described herein was necessary under the circumstances and that 129.2

hours of attorney time and 16.3 hours of paralegal time is a reasonable amount of time charged to Precision for this work . . . ." (Doc. 52, ¶ 6). A detailed description of the work performed and time to complete tasks by Ms. McClurkin and Ms. Bush is not provided in the Request for Attorney's Fees, (*see* Doc. 52); however, Defendant Phoenix did not file an objection to the hours requested, (*see* Docket Sheet).

Based upon the Court's knowledge and experience, the Court finds reasonable Ms. McClurkin's and Ms. Bush's invoiced hours.

### III. Lodestar Calculation

| Attorney | Adjusted Hourly Rate | Hours | Amount |
|---|---|---|---|
| Ms. McClurkin | $230.00 | 129.2 | $29,716.00 |
| Ms. Bush | $75.00 | 16.3 | $1,222.50 |
| **Total** | | | **$30,938.50** |

After making the appropriate adjustments to the reasonable hourly rates of the attorneys and factoring the hours reasonably expended, the Court finds that the lodestar is $30,938.50.

### IV. Adjustments to the Lodestar

While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry[,]" *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940, this Court does bear in mind that "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins*, 548 F.3d at 1350 (citations and quotations omitted). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Id.* at 1350-51 (citation omitted). Here, Plaintiff Precision's motion for

summary judgment was granted in its entirety by the Court. Therefore, a downward adjustment to the lodestar is not warranted.

## V. Reasonable Costs and Expenses

Ms. McClurkin, in her affidavit, states additional costs were incurred in the prosecution of this matter including court reporter fees and the purchase of Defendant Phoenix's deposition transcript ($1,352.10), and postage and online research ($130.90). (Doc. 52, ¶ 7). Upon review, the Court finds reasonable these costs, and, therefore, approves them.

## VI. Conclusion

Upon consideration of the foregoing, judgment in the amount of $30,938.50 for attorney's fees and $1,483.00 for costs and expenses is due to be entered against Defendant Phoenix for a total of $32,421.50. Accordingly, Plaintiff Precision's Request for Attorney's Fees, (Doc. 52), is hereby **GRANTED IN PART**. To the extent that Plaintiff Precision seeks additional recovery, its motion is **DENIED**. Judgment will be separately entered.

**DONE** and **ORDERED** this the 19th day of April 2017.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**